**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Douglas CROWELL, Defendant-
Appellant.**

**No. 30238
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 22, 1971.

C. Gilbert Pierce (Ct. apptd.), Herbert G. Goldburg, Tampa, Fla., for defendant-appellant.

William D. Crowell, pro se, John L. Briggs, U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

From a sentence imposed on June 29, 1970, under the provisions of Title 18, U.S.C., Section 2113(e), for bank robbery, the appellant Crowell appeals from an order of the district court after post-conviction relief pursuant to Title 28, U.S.C., § 2255.

On January 31, 1968, Crowell was found guilty after trial by a jury on three counts of an indictment charging violations of Title 18, U.S.C., Sections 2113(a), 2113(b), and 2113(e). Sentence was imposed by the district court on February 16, 1968, for 20 years on Count One (Section 2113(a) ), with 10

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

years on Count Two (Section 2113(b)), and 20 years on Count Three (section 2113(e)), with prison sentences on Counts Two and Three to run concurrently with the sentence imposed on Count One of the indictment.

On June 29, 1970, it being made to appear to the district court that the court-appointed counsel did not appeal the conviction of January 31, 1968, after having been requested to do so by Crowell, the district court, on its own motion, vacated the court's original judgment and sentence of February 16, 1968, in order to insure Crowell's right of appeal. On June 30, 1970, the district court then imposed a sentence of 20 years on Count Three for violation of Title 18, U.S.C., § 2113(e).

The three-count indictment alleged that the robbery occurred on or about July 26, 1963, in Pinellas County, Florida. The appellant was indicted on December 7, 1966, and on the third count of the indictment, the appellant was charged with violation of Section 2113 (a) that:

"* * * in committing said offenses as alleged in Counts One and Two of this indictment and in attempting to avoid apprehension for the commission of such offenses, did force Barbara Oxley, a cashier of said association, to accompany him without the consent of said Barbara Oxley, from such association to at or near the 600 block of Central Avenue, St. Petersburg, Florida; in violation of Section 2113(e), Title 18, United States Code."

The penalty for a violation of Title 18, U.S.C., § 2113(e) is:

"Whoever * * * shall be imprisoned for not less than ten years, or punished by death if the verdict of the jury shall so direct."

The record reveals that at the time of the indictment,[1] the court under the provisions of Section 2113(e) alleged a capital offense against the appellant. Appellant asserts it was error for the court not to provide him with a list of the veniremen and their addresses three days prior to the trial as provided by Title 18, U.S.C., § 3432,[2] and that the court failed to grant the appellant twenty peremptory challenges as provided by Rule 24(b), Federal Rules of Criminal Procedure.[3]

■■ It appearing from the record that the district court afforded the appellant two counsel pursuant to the directions of Title 18, U.S.C., § 3005, which requires, if requested, two attorneys in capital cases, and it not appearing from the record that Crowell was afforded the benefits of the provisions of Title 18, U.S.C., § 3432 or Rule 24(b), F.R.Cr.P., the case is remanded back to the district court for a hearing to determine if the court afforded Crowell the

1. On June 17, 1968, Pope v. United States, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317, held unconstitutional the death penalty provisions of 18 U.S.C. § 2113(e). However, Crowell was indicted on December 7, 1966, and tried and convicted in January, 1968.

2. *Title 18, U.S.C. Section 3432:*
   *Indictment and list of jurors and witnesses for prisoner in capital cases.*
   A person charged with treason or other capital offense shall at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness.

3. *Rule 24, Federal Rules of Criminal Procedure Trial Jurors*
   (b) *Peremptory Challenges.* If the offense charged is punishable by death, each side is entitled to 20 peremptory challenges. If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges. If the offense charged is punishable by imprisonment for not more than one year or by fine or both, each side is entitled to 3 peremptory challenges. If there is more than one defendant, the court may allow the defendants additional peremptory challenges and permit them to be exercised separately or jointly.

benefits of these provisions before and at the time of the trial. Section 3432 is mandatory, and a defendant indicted for a capital offense must be given the benefits of its provisions, Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L. Ed. 429, and the failure to allow defendant its benefits would be plain error. See Rule 52(b), F.R.Cr.P.; Amsler v. United States, 9 Cir., 1967, 381 F.2d 37.

Remanded for hearing in accordance with this opinion.